**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| EUGENE HUNTSMAN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-0011-CVE-PJC |
| ) | |
| DAVID L. MOSS JAIL; ) | |
| TULSA COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

On January 6, 2014, Plaintiff, a prisoner appearing pro se, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2). He also provided two partially completed summonses. By Order filed January 10, 2014 (Dkt. # 3), the Court granted Plaintiff's motion to proceed in forma pauperis and advised him that he was responsible for payment of the $350 filing fee in monthly installments. The Court also identified numerous deficiencies in Plaintiff's complaint and determined the complaint was subject to being dismissed for failure to state a claim upon which relief may be granted. Id. However, Plaintiff was provided the opportunity to file an amended complaint in order to cure the identified deficiencies. Id. On January 17, 2014, Plaintiff filed an amended complaint (Dkt. # 4). Four (4) days later, on January 21, 2014, he filed a second amended complaint (Dkt. # 6). For the reasons discussed below, the second amended complaint fails to state a claim upon which relief may be granted and shall be dismissed with prejudice.

**A. Complaint shall be dismissed**

**1. Screening/Dismissal standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the pro se litigant's allegations "does not relieve the plaintiff of the burden

of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### 2. Second amended complaint remains deficient

Plaintiff is currently in state custody at Joseph Harp Correctional Center. However, the incidents giving rise to his civil rights claims occurred at the David L. Moss Criminal Justice Center, the facility serving as the Tulsa County Jail. As a preliminary matter, the Court finds that the second amended complaint (Dkt. # 6) replaces and supersedes the original complaint (Dkt. # 1) and the amended complaint (Dkt. # 5). See LCvR 9.2(c). As a result, the only claims properly before the Court are those raised in the second amended complaint. In the caption of the second amended complaint (Dkt. # 6), Plaintiff identifies two (2) defendants: (1) "David L. Moss," and (2) "Tulsa Oklahoma County Jail." However, in the text of the second amended complaint, he identifies the defendants as (1) "David L. Moss officials," and (2) "Inmates of Tulsa, County jail." See id. Giving liberal construction to the pro se pleading, see Haines, 404 U.S. at 520, it appears that Plaintiff complains that he was beaten by other inmates after being labeled a "rat," and that he was not provided medication for high blood pressure, diabetes, and mental health conditions. See Dkt. # 6

at 2-4.  In his request for relief, Plaintiff states "by violation of frist [sic] amend. right of the constitutional rights $85,000, within everything, and emotional injury is of the mind."  Id. at 4.

### a. Improper defendants

#### i. County jail is not a suable entity

In the prior Order directing Plaintiff to cure deficiencies, the Court advised Plaintiff that the county jail, whether named as "David L. Moss Criminal Justice Center," "David L. Moss Jail," "David L. Moss," or "Tulsa County Jail," is not a proper defendant. See Dkt. # 3 at 4-5.  The Court explained that "[w]hile a city, county, or municipality may be named as a defendant in a civil rights action, numerous courts have held that governmental sub-units or departments are not separate suable entities and are not proper defendants in a § 1983 action."  Id. (citing Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), vacated on other grounds, Tyus v. Martinez, 475 U.S. 1138 (1986); Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993); PBA Local No. 38 v. Woodbridge Police Dep't, 832 F. Supp. 808, 826 (D.N.J. 1993)).  Despite the Court's explicit admonition, Plaintiff again identifies the defendants as "David L. Moss" or "David L. Moss Jail," and/or "Tulsa County Jail" in the caption of his second amended complaint.  Those defendants are not suable entities.  For that reason, the second amended complaint fails to state a claim upon which relief may be granted.

#### ii. "Inmates" are not proper defendants

In the prior Order directing Plaintiff to cure deficiencies, the Court also advised Plaintiff that "inmates" are not proper defendants in a 42 U.S.C. § 1983 civil rights action.  See Dkt. # 3 at 5-6. As a result, the Court told Plaintiff that any claim against the unnamed "inmates" who "jumped" him, fails to state a claim upon which relief may be granted and, for that reason, any defendant

4

identified as an "inmate" would be dismissed from this action. The Court explained that section 1983 provides as follows:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added). The emphasized language establishes that to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor). See, e.g., Jett v. Dallas Independent School District, 491 U.S. 701, 724-25 (1989); Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995).

Despite the Court's admonition, Plaintiff again identifies "inmates" as defendants in the text of the second amended complaint. See Dkt. # 6 at 1. These "inmates" are individuals and are not a governmental entity or employee of a governmental entity. Private individuals, like "inmates," are not state actors within the meaning of 42 U.S.C. § 1983. Plaintiff has failed to demonstrate with any clear factual allegation how the "inmates" acted under color of state law. Accordingly, Plaintiff's second amended complaint fails to state a claim against defendants identified as "inmates."

### iii. Identification of a defendant by position only is inadequate

In the prior Order directing Plaintiff to cure deficiencies, the Court advised Plaintiff that identification of a defendant as "Tulsa County Jail Official" or "Jail Official of County Jail" was inadequate to state a claim. See Dkt. # 3 at 6. Plaintiff again identifies "David L. Moss offical's [sic]" as a defendant in the text of the second amended complaint. See Dkt. # 6 at 1. For the reasons

5

stated in the prior Order, see Dkt. # 3 at 6, the second amended complaint fails to state a claim upon which relief may be granted as to any defendant identified as "David L. Moss offical's [sic]."

### b. Failure to comply with Federal Rules of Civil Procedure

In the prior Order directing Plaintiff to cure deficiencies, the Court advised Plaintiff that his amended complaint had to be prepared in compliance with the Federal Rules of Civil Procedure. See Dkt. # 3 at 7-8. Plaintiff was specifically advised that he would be required to name proper defendants in his amended complaint. Id. In addition, he was directed to identify all defendants in the caption of the amended complaint. Id. at 8 (citing Fed. R. Civ. P. 10(a)). Also, the defendants identified in the caption had to match the defendants identified in the text of the amended complaint. Id. Lastly, Plaintiff was directed to provide a short and plain statement describing how and when each named defendant violated his constitutional rights and showing he is entitled to relief from each named defendant. Id. (citing Fed. R. Civ. P. 8(a)). In the second amended complaint, Plaintiff fails to name proper defendants, fails to list all defendants identified in the text in the caption, and fails to specifically state how and when each named defendant violated his constitutional rights.

For all of the reasons cited above, the Court finds the second amended complaint fails to state a claim upon which relief may be granted. Because Plaintiff failed to cure previously identified deficiencies, the Court finds it would be futile to allow further opportunity to amend. For that reason, this action shall be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### B. First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed in forma pauperis. In addition, his second amended complaint fails to state a claim upon which relief may be granted. As a result, the second

amended complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The second amended complaint is **dismissed with prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).
2. The Clerk is directed to **flag** this dismissal as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).
3. This is a final Order terminating this action.

**DATED** this 3rd day of April, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE